**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED

AUG 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |  |
|---|---|---|---|
| LINDA CRUZ-PACKER | ) | C.A. No.: | 07-1235 |
|  | ) |  | (HHK, Jr.) |
|  | ) |  |  |
| Plaintiff, | ) |  |  |
| v. | ) |  |  |
|  | ) |  |  |
| MICHAEL CHERTOFF, Secretary | ) |  |  |
| Department of Homeland Security | ) |  |  |
| Defendant | ) |  |  |
|  | ) |  |  |

JUDGE'S COPY

AUG 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## NOTICE TO COURT

Comes now the Plaintiff, LINDA CRUZ-PACKER, acting on her own behalf,

respectfully submits the following reply to your order, filed July 10, 2007, to provide the

court with a right to sue letter indicating the agency's final determination of plaintiff's

charge.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On January 3. 2005, Plaintiff made initial contact with EEO counselor. The matter was not
   resolved.

2. Plaintiff filed a formal complaint on March 15, 2005.

3. On July 14, 2005, Complainant filed an appeal with the Merit System Protection Board
   (MSPB) on the same matter.

4. On September 6, 2006. MSPB issued its decision affirming the agency's indefinite suspension
   and removal actions.

5. On October 25, 2006, Plaintiff appealed MSPB decision.

6. On February 28, 2007, DHS issued its final decision.

7. On March 7, 2007, Plaintiff filed a timely petition with the EEOC asking for a review of the

Final Order issued by the MSPB.

8. On April 13, 2007, EEOC Office of Federal Operations issued its final decision and right to sue letter, giving Plaintiff right to file a civil action.

In support of the above assertion I have attached the following documents for the court's review:

A. Letter from Homeland Security dated February 28, 2007.

B. Search results from Office of Federal Operations, EEOC dated April 13, 2007.

C. Letter from MSPB dated April 4, 2007, indicating appeal filed by Plaintiff.

D. Petition for Review dated October 25, 2006.

Dated: **August 10, 2007**

Linda Cruz-Packer
4800 Megan Drive
Clinton, Maryland 20735

## CERTIFICATE PURSUANT TO RULE 5 (e) and 5 (i)

I hereby certify that I sent a copy of this motion to chambers.

Linda Cruz-Packer

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Plaintiff's Notice to the Court was mailed regular

postage, this 10th day of August, 2007 to:

Linda Cruz-Packer

Dept. of Homeland Security
TSA
OCR – West Tower, 2nd Fl. So.
601 S. 12th St. #TSA-6
Arlington, VA. 22202-4220

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Notice to the Court was mailed regular

postage, this 10th day of August, 2007 to:


_____

Linda Cruz-Packer

Dept. of Homeland Security
TSA
OCR – West Tower, 2nd Fl. So.
601 S. 12th St. #TSA-6
Arlington, VA. 22202-4220



*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

*Linda Cruz-Packer v. Michael Chertoff,*
*Secretary, Department of Homeland Security*
Agency Number HS-06-TSA002193
Component Number TSAF 05-0619

FEB 2 8 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Crystal A.G. Fisher, Esq.
Carolyn C. Eaglin & Associates
431 North Lee Street
Alexandria, VA  22314

Dear Ms. Fisher:

This is the Department of Homeland Security's (DHS) Final Decision on the above-identified complaint of employment discrimination filed by your client Linda Cruz-Packard (Complainant), on March 15, 2005, with the Transportation Security Administration (TSA).

Complainant alleged that she was discriminated against on the bases of race (African American), color (black), age (DOB: May 20, 1951), sex (female), and reprisal (prior EEO activity) when, on November 18, 2004, she was terminated from the position of Special Agent (Criminal Investigator), SV-1811-J, TSA Headquarters, Arlington, Virginia.

Title 29 of the Code of Federal Regulations (C.F.R.) §1614.107(a)(4) requires an agency to dismiss a complaint where the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board (MSPB). Subsection 1614.302(b) states in part that an aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with MSPB pursuant to 5 CFR 1201.151, but not both.

The record shows that on January 3, 2005, Complainant made initial contact with the EEO counselor, who conducted the initial interview on February 14, 2005.  The matter was not resolved by the EEO counselor and by letter dated February 14, 2005, you and the Complainant were issued the Notice of Right to File a Discrimination Complaint ("Right-to-File Notice"), which was received on March 7, 2005 via certified mail (#7003 3110 0003 6431 9063).  Complainant filed her formal complaint on March 15, 2005.

On July 14, 2005, Complainant filed an appeal with the Merit System Protection Board (MSPB) on the same matter.  MSPB issued an initial decision on October 6, 2005, dismissing Complainant's appeal for lack of jurisdiction.  By letter dated March 14, 2006, you and Complainant were notified by TSA that her claim was accepted for investigation.  The EEO investigation commenced on or

about April 10, 2006. However, Complainant petitioned MSPB for review of the initial decision and on May 11, 2006, MSPB reversed its prior decision and found that MSPB had jurisdiction over this matter. Therefore, Complainant elected to pursue her removal from the agency with MSPB not the EEO administrative forum. On September 6, 2006, MSPB issued its decision affirming the agency's indefinite suspension and removal actions.

Inasmuch as Complainant has elected to pursue this matter with MSPB, and MSPB has issued a decision on this matter, the above identified complaint is hereby dismissed pursuant to 29 CFR §1614.107(a)(4). This letter constitutes the final action by the DHS on this complaint. If Complainant is dissatisfied with this decision, she may file an appeal according to the instructions at Enclosure (1). The appeal form is at Enclosure (2).

Sincerely,

Carmen H. Walker
Deputy Officer
Equal Employment Opportunity Programs
Office for Civil Rights and Civil Liberties

Encl:   (1) Notice of Appeal Rights
        (2) EEOC Form 573

cc:     Director
        Transportation Security Administration
        Office of Civil Rights and Liberties (TSA-6)
        601 South 12th Street
        Arlington, VA 22202-4220

        Linda Cruz-Packer
        4800 Megan Drive
        Clinton, MD 20735

MJR

# NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

## FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. File your appeal by mail addressed to:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**P.O. Box 19848**
**Washington, DC 20036**

Or by personal delivery to:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**1801 L Street, NW**
**Washington, DC 20507**

Or by facsimile to: (202) 663-7022.

At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

**Director, Office of Civil Rights and Liberties (TSA-6)**
**Transportation Security Administration**
**601 South 12th Street**
**Arlington, VA 22202-4220**

And to:

**Department of Homeland Security**
**Office for Civil Rights and Civil Liberties / MS0800**
**245 Murray Lane, SW**
**Bldg 410**
**Washington, DC 20528**

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Director, Office of Civil Rights and Liberties, Transportation Security Administration. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the Director, Office of Civil Rights and Liberties, Transportation Security Administration, within 30 days of the date you file your appeal.

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal. You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, the time limits noted above may not be applicable to you, especially if you are filing this civil action after giving EEOC not less than 30 days' notice of your intent to file such an action. Accordingly, you should consult an attorney if you desire further guidance regarding the timeliness of your case.

You must also comply with the following instructions:

(1) You must name Michael Chertoff, Secretary, Department of Homeland Security, as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2) If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC final decision.

Page

Citation                Search Result          Rank 1 of 1          Databas
EEOC DOC 0320070050                                                 FLB-EEO
2007 WL 1176497 (E.E.O.C.), EEOC DOC 0320070050
(Cite as: 2007 WL 1176497 (E.E.O.C.))

E.E.O.C.
*1 Office of Federal Operations
LINDA Y. CRUZ-PACKER, PETITIONER,
v.
MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, AGENCY.
Petition No. 0320070050
MSPB No. DC0752050636B1
April 13, 2007
DECISION

On March 7, 2007, petitioner filed a timely petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning her claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

Petitioner alleged that she was discriminated against on the bases of race (African-American), sex (female), and reprisal for prior protected EEO activity under an EEO statute that was unspecified in the record when she was removed from the agency, effective November 18, 2004. Petitioner, a special Agent, was removed based on a charge of "unsuitability for federal service." The charge was based on information petitioner provided to the agency concerning her previous employment.

A hearing was held and thereafter an MSPB Administrative Judge (AJ) issued an Initial Decision finding, among other things, no discrimination. Petitioner then filed a Petition for Review by the Full Board. The Board issued a Final Order on January 31, 2007 denying petitioner's Petition for Review. Petitioner then filed the instant petition with the Commission.

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

Based upon a thorough review of the record, it is the decision of the Commission to concur with the final decision of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EEOC DOC 0320070050
(Cite as: 2007 WL 1176497, *1 (E.E.O.C.))

or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

*2 If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

For the Commission:
Carlton M. Hadden
Director
Office of Federal Operations
 2007 WL 1176497 (E.E.O.C.), EEOC DOC 0320070050
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board
1615 M Street, N.W.
Washington, D.C. 20419-0002
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**April 4, 2007**

Mr. Robert J. Barnhart, Director
Compliance and Control Division
Equal Employment Opportunity
Commission
PO Box 19848
Washington, DC 20036

**EEOC Docket No:** 0320070050
**MSPB Docket No:** DC-0752-05-0636-B-1

**RE:** Linda Y. Cruz-Packer v. Department of Homeland Security

Dear Mr. Barnhart:

Because the appellant in the case shown above has filed an appeal with your office, we are enclosing a copy of the Board's administrative record of the appeal. We certify that the record is an accurate copy. This record is under my official custody and control on this date. If you have any questions regarding this record, please contact us.

The Board keeps the record in this appeal in a system of records subject to the Privacy Act, 5 U.S.C. 552a. The record is a part of a system of records entitled "Appeal and Case Records" announced by the Board in 61 FR 33946 dated July 1, 1996 as required by the Privacy Act. An MSPB case file does not constitute a public record because of its coverage under the Privacy Act. Only MSPB initial and final decisions in a case are public records. Access to MSPB case files is controlled in accordance with the law to protect the privacy interests of the subjects and the integrity of the files.

In your request for the record, you also asked the Board to inform you "if, and/or when a civil action or an action for review before the Federal Circuit Court in this case has been filed." We will inform you when we know that an appeal has been filed in the Federal Circuit. However, this office is not routinely informed when a civil action is filed and you may wish to contact the parties to obtain this information.

Sincerely,

Bentley M. Roberts, Jr.
Clerk of the Board

Enclosures: 8 volumes; 5 tapes

cc:  Linda Y. Cruz-Packer
4800 Megan Drive
Clinton, MD 20735

Crystal A. G. Fisher, Esq.
Carolyn Eaglin & Associates
8502-B Lee Hwy.
Fairfax, VA 22031

Dept. of Homeland Security
TSA
OCR – West Tower, 2nd Fl. So.
601 S 12th St. #TSA-6
Arlington, VA 22202-4220

Dept. of Homeland Security
Office Civil Rights & Civil
Liberties
Daniel Sutherland, Director
Washington, DC 20528

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON, DC

| | |
|---|---|
| LINDA Y. CRUZ-PACKER, | ) |
| | ) |
| *Appellant,* | ) |
| | ) |
| v. | ) Docket No. DC-0752-05-0636-B-1 |
| | ) DC-0752-04-0640-I-1 |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| TRANSPORTATION SECURITY ADMINISTRATION, | ) |
| | ) |
| *Agency.* | ) |
| | ) |

## PETITION FOR REVIEW

**COMES NOW** Appellant Linda Y. Cruz-Packer, by undersigned counsel, and petitions this Honorable Board for review of the Initial Decision of September 6, 2006, which affirmed the indefinite suspension and removal actions taken against by the Agency Department of Homeland Security (hereinafter "Agency") during the course of her employment. As set forth more fully below, Appellant Cruz-Packer asserts that there were errors of law and fact stated in said Decision. Moreover, Appellant Cruz-Packer contends that the penalty taken her was unreasonable and unduly severe, and an abuse of the Agency's discretion. Accordingly, Appellant Cruz-Packer requests that the Initial Decision be REVERSED in its entirety, and that the removal and indefinite suspension actions be NOT SUSTAINED.

## STATEMENT OF FACTS

On or about June 4, 2002, Appellant Linda Y. Cruz-Packer (hereinafter "Appellant") was offered and accepted employment at the Transportation Security Administration (hereinafter

1

"Agency") in the excepted service for the position of Transportation Security Specialist, SV–1801-J. *Employment Offer Letter, Agency File, Tab 6.* Later that same month, Appellant was transferred to the position of Criminal Investigator, based upon her previous employment experience in law enforcement. *Reassignment Memorandum, Agency File, Tab 7.* Appellant was and is veteran-preference eligible, in that she served in the Gulf War and is the widow of a veteran.

In or about March 2003, Appellant completed and submitted a SF-86 form and Declaration of Federal Employment, which initiated a background investigation of Appellant by the Office of Personnel Management ("OPM") in order for Appellant to receive a security clearance. In or about April 2003, Appellant was interviewed by an OPM investigator, when she was questioned about her responses on the two forms. OPM performed this investigation until June 11, 2003, when the Agency requested that OPM close its investigation. *Appellant's Exhibit A, OPM Case Closing Transmittal, dated 6/11/03.* Thereafter, Appellant's background investigation was conducted by the Agency's own Credentialing Program Office. At no time was Appellant advised nor informed as the authority by which the Agency was conducting said investigation.

Subsequently, on or about October 24, 2003 Appellant was served with a Notice of Proposed Removal based upon information disclosed during the course of Appellant's background investigation. *Notice of Proposed Removal, Agency File, Tab 8.* According to said Notice, the Agency alleged that Appellant was unsuitable for federal employment due to the alleged termination of her employment with the State of West Virginia, Department of Military Affairs & Public Safety, Division of Corrections in May 1998 for a litany of wrongdoings and inmate abused. Id. The Notice further accused Appellant of failing to fully disclose

2

information regarding her employment history on the SF-86 form, in that she did not list such termination in response to Question# 22 on the form. Id.

Appellant averred that she had not been questioned about said employment, nor her reasons for separation from said position, until the Notice of Proposed Removal was issued. Accordingly, Appellant responded to the Notice, stating that she was not terminated from said employment, but instead verbally resigned from that position due to terminal illness of her husband (who was still residing in New York) and difficulty she was experiencing with her supervisors at said job. Appellant vehemently denied that she had ever received any notice of termination concerning that job. Moreover, Appellant submitted an affidavit from Otis Cox, the former Secretary of Public Safety for the State of West Virginia, who had personally hired Appellant to the position in the Department of Corrections. In the affidavit, Mr. Cox stated that, while serving as Secretary, he had not been advised of Appellant's dismissal, and further, had Appellant been terminated from her position in 1998, his office would have been notified and received the internal documentation related to such adverse action. *Declaration of Otis Cox, Agency File, Tab 9.*

The Agency then persisted in its investigation of Appellant and presented her with several documents from the State of West Virginia related to the falsification allegations, including a copy of preliminary investigation by Appellant's former supervisor, a termination letter purportedly sent to Appellant in May 1998, and affidavits from her former supervisor and other West Virginia employees related to the supervisor's ability to fire Appellant. Appellant raised issues with several aspects of said documentation; specifically, she noted that (1) there was no conclusory evidence nor final report regarding the charges which had been lodged against her in West Virginia; (2) the allegations had been made, in most part, by inmates, yet there was no

3

corroborating statements nor recordings evidencing any testimony by said inmates; (3) the record from West Virginia was devoid of any reference to the meeting held between Appellant and her supervisor, during which she verbally announced her resignation from her position at the Department of Corrections; (4) the alleged termination letter was issued days after her verbal resignation and it failed to state that any of the accusations lodged against Appellant had been sustained; and (5) the internal personnel form evidencing Appellant's purported dismissal lacked the requisite signatures for full completion, including acknowledgment from Otis Cox's office. *Exhibit B, Letter re: Reply to Proposed Removal– Supplemental Investigation to Gary Krizanovic, Personnel Security & Credentialing Program Office, dated June 1, 2004; Exhibit C, Letter re: Ms. Linda Cruz-Packer to Joy Fairtile, Credentialing Program Office, dated September 21, 2004; Exhibit D, Letter re: Ms. Linda Cruz-Packer to Joy Fairtile, Credentialing Program Office, dated October 4, 2004.*  Appellant contended that, on the preponderance of the evidence, the record not only failed to establish that Appellant was dismissed from her employment with the Department of Corrections but also did not demonstrate that she was ever advised of such action.  Nevertheless, on or about November 18, 2004, the Agency issued its Decision on Proposed Removal, finding that Appellant was unsuitable for federal employment.

Consequently, Appellant filed an appeal to the Agency's determination of suitability as well as the removal action.  On or about July 18, 2006, a hearing was held on the matter, as well as Appellant's challenge of the indefinite suspension, and presided over by Administrative Judge (AJ) Michelle Hudson.  On September 9, 2006, AJ Hudson issued the Initial Decision, currently on appeal herein.

4

## ARGUMENT

Appellant Cruz-Packer now asserts that errors of both fact and law were made in the Initial Decision, such that the Decision must be REVERSED and the removal action be NOT SUSTAINED. As set forth more fully below, Appellant contends that (1) the Agency did not meet its burden to justify the removal action taken against Appellant and (2) the penalty imposed by the Agency was unreasonable and failed to acknowledge Appellant's mitigating factors. Insofar as the indefinite suspension action, Appellants contends that said action was unnecessary and inappropriate, because the Agency had completed its investigation of her background and was preparing for her removal.

## A.    THE AGENCY DID NOT MEET ITS BURDEN TO JUSTIFY THE REMOVAL ACTION TAKEN AGAINST APPELLANT.

It is well-settled that an agency has the burden to prove the merits of its actions by a preponderance of the evidence. To sustain a falsification charge, the agency must prove by preponderant evidence that the employee knowingly supplied incorrect information with the intention of defrauding the agency. Naekel v. Dep't of Transportation, 782 F.2d 975, 977 (Fed. Cir. 1986). Intent may be shown by circumstantial evidence and may be inferred when the misrepresentation is made with reckless disregard of the truth. McClain v. Office of Personnel Management, DE-0731-96-0542-I-1 (August 18, 1997) (citing Devitto v. Office of Personnel Management, 61 M.S.P.R. 297, 302 (1994).

With respect to the removal action in the present matter, the presiding Administrative Judge found that agency had met its burden and its charge. According to the Initial Decision, Appellant was unsuitable for federal employment in accordance with the two (2) specifications

5

set forth in the Agency's notices related to the removal action: (1) that she had been terminated from her prior employment for numerous acts of misconduct and (2) that she falsified the SF-86 form by failing to provide information regarding the West Virginia termination in response to question #22 of the form. *Initial Decision at 14-15, 18.* However, Appellant Cruz-Packer contends that there was insufficient evidence presented by the Agency to support either specification by the preponderance of the evidence.

    *1.*    *The Agency did not Present Credible Evidence that Appellant was Terminated from Employment by the West Virginia Department of Corrections.*

In reviewing the entire record here, the Agency did not prove that Appellant was terminated from her employment from the West Virginia Department of Corrections ("WVDOC"). In the Initial Decision, the Administrative Judge (AJ) notes that the issue in dispute is a "falsification" of employment application case, despite the Agency's finding concerning the merits of the alleged misconduct of Appellant during her WVDOC employment. *Initial Decision at 8 n. 6.* As such, the AJ did not require the Agency to prove the reasons given by the WVDOC for its decision to dismiss in May 1998. Appellant contends this is procedural error in the Initial Decision. In the Decision on Proposed Removal, the deciding official expressly stated that "the conduct referenced in this Specification is of a serious nature and it renders you unsuitable for employment with [the Agency]." *Agency File, Tab 5, at 5.* Given that the conduct alleged against Appellant was considered in the decision to remove her, the Agency must be required that such conduct was committed.

Accordingly, the evidence presented in support of Appellant's purported misconduct at the WVDOC failed to meet the requisite burden here. The Agency relied upon a "preliminary investigation" conducted by Donald Ervin in May 1998, which, assumedly recorded the wrongful

6

behavior of Appellant during her mere sixty (60) days of employment with that institution. This investigation, while replete with wild accusations from various inmates of extreme misconduct by Appellant, failed to include any sworn statements or affidavits by the accusers, nor any other document, tape or other tangible item to substantiate the allegations set forth therein. Indeed, even the dismissal letter signed Manfred Holland did not indicate that Appellant had, in fact, been found to have committed any acts of misconduct. *Agency File, Tab 12.* As such, the Agency presented no concrete evidence that the allegations lodged against Appellant were ever found to be true.

Insofar as the termination of Apellant's WVDOC employment itself, the evidence is again lacking. Appellant has repeatedly and consistently testified that (1) she verbally resigned from employment during a private meeting with Manfred Holland and (2) that the documentation provided by the WVDOC concerning the dismissal is inconsistent and flawed.

First, Appellant testified that on or about May 14, 1997, she was presented with the preliminary investigation and advised of her suspension. On or about May 18, 1997, she responded in writing to the investigation and then met with Holland. During said meeting, Appellant tendered her resignation verbally to Holland. Thereafter, she immediately packed up her family and moved back to New York, where her terminally ill husband was awaiting her.

In opposition, the Agency offered a letter by Holland which purportedly terminated Appellant's employment. *Agency File, Tab 12.* The Agency, nor the WVDOC, provided any proof that the letter had been issued, delivered or received by Appellant. In the Initial Decision, the AJ found it "unlikely" that the letter had not been delivered to Appellant due to a missing apartment number (*Initial Decision at 15)*; however, it seems just as "implausible" that a state

7

agency would not utilize some means of confirmation or verification that a correspondence announcing an employee's termination was, in fact, received by the intended recipient.

Additionally, the other document related to Appellant's purported termination, the WV-11 form– the official personnel form– was completed, but had several significant irregularities: a change in the dates, missing signatures from requisite approving officials (specifically, the omission of approval by the Secretary's office) and a signature by Holland himself, in place of . The discrepancies in the WV-11 form should have raised questions as to the veracity of the document. Moreover, it should be noted that the form itself was presented during the course of the Agency's investigation, after OPM had been asked to conclude its investigation.

Finally, with respect to the termination, the Initial Decision cites two (2) statements in the record by Otis Cox, who served as the Secretary of Public Safety during the time period of Appellant's employment with the WVDOC. In these statements, Cox asserted that: (1) as the Secretary of Public Safety, he oversaw the WVDOC; (2) he was involved in the hiring and firing of employees; (3) his office received the WV-11 forms of WVDOC employees in order to approve the requested personnel action; (4) that, with respect to Appellant, he nor his office received any such WV-11 at or around the time of Appellant's alleged dismissal. Cox further stated that, since he did not ever receive notice of Appellant's termination, "something must have fallen through the cracks."

As such, the AJ's findings as to Specification #1 were not supported by the evidence in the record. Specifically, there was nothing in the record which demonstrated, by a preponderance, that Appellant was dismissed and did not resign, nor that she was notified of the dismissal. Indeed, even Otis Cox, who remained in position in West Virginia until 2001, was not

8

made aware of Appellant's alleged dismissal until he was questioned in regard to Appellant's background investigation.

### 2. The Agency Did not Show By Preponderant Evidence that Appellant Falsified the SF-86 Form.

Next, the AJ found that the Agency had met its burden in proving that Appellant had falsified her SF-86 form when she failed to disclose the WVDOC termination. Falsification entails the specific intent of defrauding, deceiving or misleading the agency. Naekel, 782 F.2d at 975. Appellant consistently testified that she completed the SF-86 and OF306 forms as a single security "package" and believed that she could continue her answers from the SF-86 form on the other document. Accordingly, when she described her resignation from the WVDOC on the OF306 form, she was utterly unaware that the information would be considered as "omitted" on the SF-86 form. Indeed, testimony from the Agency official John Rooney confirmed that the Agency's usual and customary practice to present the two documents simultaneously and without a directive that each document will be "stand alone" at time of its review. As such, there was no evidence of any intent of Appellant to mislead the Agency, since she reasonably assumed that the two documents would read together.

Furthermore, the testimony of Appellant and Otis Cox are consistent with Appellant's statement on the OF306 form. Cox stated in his affidavit that he did not discuss with Appellant any circumstances of Appellant's separation from WVDOC employment in May 1998. Accordingly, when Appellant testified about the "mutual agreement" with Cox regarding her employment, she explained that, at the relevant time, she and Cox discussed, as friends, the severity of her husband's medical condition and her desire to return to New York to care for him.

9

While she and Cox agreed that she should return to New York and her husband, they did not discuss the ramifications of taking such leave upon her WVDOC employment, nor whether she should, or would, resign from her position. Cox's statement, then, that he did not discuss termination or resignation with Appellant is entirely consistent with Appellant's testimony. Moreover, had Appellant been provided the opportunity to clarify her response on the OF306 form prior to the Agency's proposal of the removal action (as she had been provided with other items on the SF-86 and OF306 forms when OPM conducted its investigation), the matter in dispute currently probably would not have arisen.

Accordingly, the AJ's finding concerning Appellant's statement on the OF306 form was erroneous. There was not sufficient evidence in the record to prove, or even reasonably infer, that Appellant knowingly and intentionally made a false statement in order to defraud, deceive or otherwise mislead the Agency.

## B.    THE PENALTY TAKEN BY THE AGENCY WAS UNREASONABLE IN LIGHT OF THE <u>DOUGLAS</u> FACTORS.

This Honorable Board can review an agency-imposed penalty to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. <u>Tom v. Dep't of the Interior</u>, 97 M.S.P.R. 395 ¶50 (2004) (citing <u>Wentz v. U.S. Postal Service</u>, 91 M.S.P.R. 176 ¶ 13 (2002); <u>Luciano v. Dep't of the Treasury</u>, 88 M.S.P.R. 335 ¶ 13 (2001)). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors of that it clearly exceeded the bounds of reasonableness in determining the penalty. <u>Id.</u>

10

In the present matter, Appellant contends that the Agency's imposition of its penalty was unduly severe for several reasons. First, in the Initial Decision, the AJ remarked that the deciding official, Joy Fairtile, "noted that appellant had expressed no remorse, and that she had not taken any responsibility for her action." *Initial Decision at 23*. It is inappropriate to consider an appellant's denial of misconduct as an aggravating factor in determining the maximum reasonable penalty. Smith v. Dep't of Navy, 62 M.S.P.R. 616 (1994). Additionally, neither the Agency nor AJ acknowledged Appellant's status as a veteran in the determination of the penalty. See Skates v. Dep't of Army, 69 M.S.P.R. 366 (1996); Willis v. Dept of Army, 12 M.S.P.R. 82 (1982). Lastly, Fairtile testified that she considered a prior five-day suspension of Appellant, for a "violation of travel card policy." *Initial Decision at 23*. However, Appellant testified and presented evidence that the alleged violations were later found to be fraudulent activity, by not fault of her own, on the government travel card.

As such, the Agency failed to consider the relevant Douglas factors in its imposition of penalty in this matter. Therefore, the removal action is unreasonable in light of the circumstances of this matter and should not be sustained.

## C.   THE INDEFINITE SUSPENSION OF APPELLANT WAS UNNECESSARY, AS THE AGENCY HAD COMPLETED ITS INVESTIGATION.

Finally, Appellant contends that the Indefinite Suspension action taken by the Agency was not necessary, in that the Agency had completed its investigation prior to said action. Shortly after Appellant was presented with the Notice of Proposed Indefinite Suspension on or about April 15, 2004, she was provided a copy of the Agency's Supplemental Investigation related to the proposed removal action, on or about May 21, 2004. There is no evidence in the record, nor

11

any testimony from Agency officials, that any further investigation was conducted after June 1, 2004– the effective date of the indefinite suspension action. Accordingly, Appellant asserts that the indefinite suspension action itself was moot at the time it was effected, and therefore, improperly imposed upon her.

## CONCLUSION

For the foregoing reasons, Appellant Cruz-Packer respectfully requests the following relief from the Board, namely:

a.   That the Initial Decision dated September 6, 2006 be REVERSED in its entirety;

b.   That the removal action taken by the Agency be NOT SUSTAINED;

c.   That the indefinite suspension action taken by the Agency be NOT SUSTAINED;

d.   That Appellant be restored to her employment in the Federal Service, with full backpay and benefits; and

e.   That the Board grant such other and further relief as deemed necessary and proper.

Respectfully submitted,

LINDA Y. CRUZ-PACKER, Appellant
By Counsel

BY:   **CAROLYN C. EAGLIN & ASSOCIATES**

_____/s/_____
Crystal A.G. Fisher, Esquire
431 N. Lee Street
Alexandria, Virginia 22314

12

703-549-9041
703-549-9043 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on this 25th day of October 2006 true copies of the foregoing **PETITION FOR REVIEW** were sent via U.S. Mail, postage prepaid, to:

Bryan Bonner, Esquire
Office of the Chief Counsel
Transportation Security Administration
TSA Headquarters, East Tower
12th Floor, Room E-12-417N, TSA-2
601 South 12th Street
Arlington, Virginia 22202-4220
571-227-1379 facsimile

_____/s/_____
Crystal A.G. Fisher

13