UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LINDA CRUZ-PACKER** | ) | C.A. No.: 07-1235 |
| | ) | (RWR) |
| Plaintiff, | ) | |
| | ) | **JURY DEMAND** |
| v. | ) | |
| | ) | |
| **MICHAEL CHERTOFF, Secretary** | ) | |
| **Department of Homeland Security** | ) | |
| Defendant | ) | |
| | ) | |

RECEIVED
SEP 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### AMENDED COMPLAINT BASED ON UNLAWFUL EMPLOYMENT DISCRIMINATORY PRACTICES ON THE BASIS OF SEX (FEMALE), AND RACE, (AFRICAN-AMERICAN) AND SEXUAL, AND RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1966 AS AMENDED

COMES NOW, Plaintiff Linda Cruz-Packer, and complains and alleges the following:

### Parties

1) Plaintiff is an adult and a resident of the State of Maryland. At all times herein Mentioned Plaintiff was employed by the Department of Homeland Security, and at the time of the discrimination it was under the Department of Transportation (DOT) and later it became specifically the Department of Transportation Security Administration, Hereinafter referred to as "TSA", as a SV-1811-J Band, Special Agent. Plaintiff was assigned to work in the Office of Internal Affairs and Program Review.

2.) The Defendant and his Agency TSA removed the Plaintiff from her SV-1811-J Special Agent (Criminal Investigator) position based on a charge of "Unsuitability for Federal Service" The Agency TSA alleged that the appellant had been terminated by a prior employer for misconduct and had failed to disclose that termination to their satisfaction on her Standard Form 86, Questionnaire for National Security Positions.

Michael Chertoff, Secretary, Department of Homeland Security, TSA
C. A. 07-1235 (RWR)

3.) The Plaintiff appeal the removal to the Merit System Protection Board (MSPB) because she was a preference-eligible employee in the excepted service who had completed at least one year of current continuous service in the same position and also asserted that she was a veteran, who had served in the United States Army.

4.) Because the Plaintiff worked for TSA the Aviation and Transportation Security Act (ATSA) applies in this case. Under ATSA, TSA employees are covered by the personnel management system that is applicable to employees of the Federal Aviation Administration (FAA) under 49 U.S.C. & 40122, except to the extent that the Under Secretary of Transportation for Security modifies that system as it applies to TSA employees, as such she was allowed to appeal to MSPB as an "employee."

5.) Based on that determined "employee" status established by the Plaintiff so that she could be heard before the MSPB, showed that she was a vested federal employee. Therefore, the issue the Defendant and his Agency TSA raised regarding suitability is **MOOT.**

6.) The reason for suitability issue being **MOOT** is that the Plaintiff was not a brand new employee with the Federal Government, but instead she was a former Federal employee who had previous government experience with the Federal Bureau of Investigations as a Special Agent and d served in the United States Army.

7.) The Plaintiff should have received the same consideration that where used and brought about or retained and used when Background Investigations where being handled while TSA was under the jurisdiction of Department of Transportation that were on going at the exact time frame as the Plaintiff's background was being handled.

8.) Comparative analysis can be made that Background Investigations that were underway that involved Federal Air Marshall's, Custom Agent's, and Former Federal Aviation employee's, where actual criminal charges, domestic violence charges, and other serious matter where discovered relating to these Department of Homeland Security Employees (DHS), these (DHS) employee where grandfather in and

2

Michael Chertoff, Secretary, Department of Homeland Security, TSA 
C. A. 07-1235 (RWR)

absorbed into the (DHS) and DOT/TSA workforce.

9.) Application of the same standards used in adjudicating these (DHS) employee's employment background if applied to the Plaintiff's Background Investigation would have resulted in the same outcome for the Plaintiff and she should have been grandfather in as other prior Federal Employee's had been. Instead the Agency (TSA) took it upon itself to do what the Plaintiff's former employee failed to do, which was conduct an investigation into the allegations reported by inmates who had their own hidden agenda for making false statements.

10.) It was never a pre employment condition that the Plaintiff's position be predicated and based on the successful condition of an OPM Background Investigation. If that was true, the Agency would have put that condition in writing when the offer of employment was made to Plaintiff.

11.) Conversely, the treatment and actions undertaken by the Defendant and his Agency (TSA) treated the Defendant as if she was a new employee. Their actions opened up unsubstantiated allegations that resulted in a lengthy background investigation check that was used in a discriminatory and harmful way against the Plaintiff that resulted in a wrongful termination.

12.) Defendant, Michael Chertoff, is the Secretary of (DHS), and consented to and or participated in the decision to terminate the Plaintiff from her employment with (DHS).

13.) Defendant, Michael Chertoff, at all relevant times herein mentioned had actual as well as constructive knowledge of all of the acts the plaintiff complained about.

14.) At all relevant times herein mentioned, Defendant, Michael Chertnoff was the agent of the Defendant, (DHS) and was acting within the scope of his employment

## Jurisdiction

This court has jurisdiction of this matter as a result of the Office of Federal Operations final EEOC decision GIVEN THE Plaintiff right to file a civil action.

Michael Chertoff, Secretary, Department of Homeland Security, TSA
C. A. 07-1235 (RWR)

## Statement of Facts Common to All Counts.

The Plaintiff, who is forty years and older, was hired on June 4, 2002, in the position of Transportation Security Specialist.

15.) The Plaintiff never received anything in writing stipulating that her position was predicated on the completion of an OPN background check.

16.) The Plaintiff wasn't even asked to complete an SF-86 form to initiate a Background Investigation until March of 2003, some eights months after her arrival on duty date (AOD) and employment at TSA started.

17.) On June 30, 2002, Plaintiff was reassigned to a Criminal Investigator Position.

18.) The Plaintiff submitted her Sf-86 in March 2003, and did not learn of the specifics of allegations that had been learned by the Agency (TSA) until after they proposed her dismissal in October, 24, 2003.

19.) The Plaintiff was never question about the allegations by any investigator prior to the proposal for removal being presented.

20.) The Agency moved forward with an investigation into the alleged allegation and Plaintiff was on Paid administrative leave during that period.

21.) On April, 15, 2004, The Agency (TSA) proposed Plaintiff's indefinite suspension.

22.) On June 1, 2004, The Agency (TSA) issues a Decision indefinitely suspending Plaintiff. Effective June 3, 2004.

23.) The Plaintiff was removed from the Agency (TSA) on November 18, 2004, based on a charge of unsuitability.

24.) The Plaintiff filed a petition with the MSPB and a hearing was held by an Administration Judge (AJ) Who upheld the Agency decision to remove the Plaintiff.

25.) The Plaintiff next filed an appeal for the full MSPB to review the decision made by the MSPB (AJ), and the Board issued a final order on January 31, 2007, denying Plaintiff's petition for review.

Michael Chertoff, Secretary, Department of Homeland Security, TSA 
C. A. 07-1235 (RWR)

26. On March 7, 2007, the Plaintiff filed a timely petition with the Equal Employment Opportunity Commission (EEOC) asking for review of a final order issued by the Merit System Protection Board, and alleged that she was discriminated against based on her race (African-American, sex (female) and reprisal for prior protective EEO activity.

27. On April 13, 2007. EEOC. Office of Federal Operations concurred with the Final decision of the MSPB finding no discrimination.

This case was a mixed case and the AJ did not allow any discrimination matters into the MSPB hearing.

### Count 1

**<u>Defendants Have Engaged In an Unlawful employment Practice in Violation of the Civil Right Act of 1966, As Amended, On the Basis of My Sex (female).</u>**

28.) That the Defendant has engaged in an unlawful employment proactive in violation Of the Civil Rights Act of 1966, as amended, on the basis of my sex (female).

29.) That as a result of said violation the Plaintiff has been injured.

30.) That as a result of that injury the Plaintiff has suffered damages.

### Count II

**<u>Defendants Have Engaged In An Unlawful Employment Practice In Violation of the Civil Rights Act of 1966, As Amended, on the Basis of Plaintiff's Sex (Sexual Harassment.</u>**

31.) The Defendant have engaged in an unlawful employment practice in violation of the Civil Rights Act of 1966 as amended, on the basis of the Plaintiff's sex, (sexual harassment).

32.) That as a result of the Defendants behavior the Plaintiff has been injured.

33.) That as a result of the injury the plaintiff has suffered damages.

Michael Chertoff, Secretary, Department of Homeland Security, TSA
C. A. 07-1235 (RWR)

## Count III

### **Defendants Have Engaged In an Unlawful Employment Practice In Violation Of the Civil Rights Act of 1966, As Amended, On the Basis of Retaliation.**

34.) That the Defendants have engaged in an unlawful employment practice in violation of the Civil Rights Act of 1966, as amended on the basis of retaliation, for filing a complaint and EEOC action against her immediate supervisor.

35.) That as a result of said conduct the plaintiff has been injured.

36.) That as a result of said injury, the plaintiff has suffered damages.

## Count IV
### **Defamation**

37.) That the Defendants posted at the front entranceway entering the building and at the gate entering the garage for any and all DHS (TSA )employees to see, the name and picture of the Plaintiff and barred her from returning to DHS to retrieved her personal property.

38.). The Plaintiff's supervisor told individual that employee was terminated and had her name removed from her cubicle desk work area before the removal was final.

WHEREFORE , the premises considered, the Plaintiff prays:

a) that this court enjoin the Defendant, (DHS) their agents, servants and or employees, acting within the scope of their employment from continuing to engaged in the unlawful acts of discrimination against the Plaintiff, and from defaming the plaintiff;

b) that this court award the plaintiff judgment in her favor and against the Defendant jointly and severally;

c) that this court award the plaintiff compensatory damages in the amount of $3,000,000.00, against the Defendant jointly and severally;

6

Michael Chertoff, Secretary, Department of Homeland Security, TSA
C. A. 07-1235 (RWR)

    d)    that this court award the Plaintiff punitive damages against the Defendant jointly and severally in the amount of 1,000,000.00;

    e)    and that this court award the Plaintiff such other and further relief as it deems necessary.

Respectfully submitted

*[signature]*
Linda Cruz-Packer, pro se
48000 Megan Drive
Clinton, Maryland 20735
(240) -602-4579

## JURY DEMAND

Plaintiff demands a trail by jury on all issues triable by a jury.

*[signature]*
Linda Cruz-Packer

## CERTIFICATE PURSUANT TO RULE 5 (e) and 5 (i)

I hereby certify that I sent a copy of this motion to chambers.

*[signature]*
Linda Cruz-Packer

Michael Chertoff, Secretary, Department of Homeland Security, TSA
C. A. 07-1235 (RWR)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Notice to the Court was mailed regular postage, this 24th day of September, 2007 to:

*Linda Cruz-Packer*
Linda Cruz-Packer

Dept. of Homeland Security
TSA
OCR – West Tower, 2nd Fl. So.
601 S. 12th St. #TSA-6
Arlington, VA. 22202-4220