UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**LINDA CRUZ-PACKER,**         )
                              )
    **Plaintiff,**        )
                              )
    v.                    )    Civil Action No. 07-1235 (RWR)
                              )
**MICHAEL CHERTOFF,**          )
                              )
    **Defendant.**        )
_____)

### MEMORANDUM ORDER

    Pro se plaintiff Linda Cruz-Packer filed a complaint alleging that her federal employer, the Transportation Security Administration, terminated her employment in violation of Title VII of the Civil Rights Act of 1964.  The defendant has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of jurisdiction.  Because the defendant has not demonstrated that this court lacks jurisdiction over a properly pled claim brought under Title VII of the Civil Rights Act of 1964, the motion will be denied sua sponte.

    The defendant appears to argue that the plaintiff will be unable to rebut the defendant's legitimate non-discriminatory reason for the termination -- that Cruz-Packer was denied the security clearance required for her position after the background investigation revealed that she had not disclosed her termination from her previous job.  The defendant also argues that because the decision to deny secret security clearances is not subject to

-2-

judicial review, this court lacks jurisdiction over this case. To make his argument, the defendant has submitted several exhibits presenting facts outside the complaint, and cites the provision of Rule 12(b) that converts a motion under 12(b)(6) to one for summary judgment. The conversion rule for 12(b)(6) motions, however, is inapplicable to 12(b)(1) motions. Rann v. Chao, 346 F.3d 192, 194 (D.C. Cir. 2003). "'[T]he impropriety of transforming Rule 12(b)(1) motions into summary-judgment motions is well-settled.'" Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) (quoting Gordon v. Nat'l Youth Work Alliance, 675 F.2d 356, 363 n.18 (D.C. Cir. 1982) (citing cases)).

At the pleading stage, a plaintiff is protected from an evidentiary attack by the defendant and a defendant is protected from compulsory discovery. Haase, 835 F.2d at 907. Generally speaking, the facts that may be considered on a Rule 12(b)(1) motion to dismiss are those alleged in the complaint. Haase, 835 F.2d at 908. Under a recognized exception, a court may elicit information outside the complaint in an independent investigation to assure itself of its own subject matter jurisdiction, id., but where a court considers a defendant's unsolicited factual submissions on a Rule 12(b)(1) motion that is unaccompanied by an alternative motion for summary judgment, it may commit error. Rann, 346 F.3d at 194.

-3-

"The absence of the conversion feature in 12(b)(1) *does not* preclude a defendant from challenging [jurisdiction] via a motion for summary judgment." Haase at 906. In any case, "should the trial court look beyond the pleadings, it must bear in mind what procedural protections could be required to assure that a full airing of the facts pertinent to a decision on the jurisdictional question may be given to all parties." Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 198 (D.C. Cir. 1992). Moreover, where the jurisdictional facts are "inextricably intertwined with the merits of the case," as they are in this case, a court "should usually defer its jurisdictional decision until the merits are heard." Id. Thus, the defendant's motion, based on its argument that plaintiff will be unable to rebut the legitimate non-discriminatory reason for the defendant's decision, and supported by facts outside the complaint, is more appropriately asserted as a motion for summary judgment, requiring a statement of material facts not in dispute.

## CONCLUSION AND ORDER

Because defendants have not demonstrated that this court is without jurisdiction over a well-pled Title VII claim, the motion to dismiss under Rule 12(b)(1) will be denied without prejudice. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss under Rule 12(b)(1) be, and hereby is, DENIED without prejudice.

-4-

SIGNED this 12th day of December, 2007.

                                         /s/
                                    RICHARD W. ROBERTS
                                    United States District Judge

Case 1:07-cv-01235-RWR   Document 17   Filed 12/12/2007   Page 4 of 4