UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1235 (RWR) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary of Homeland Security, ) | |
| Department of Homeland Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT BASED ON UNLAWFUL EMPLOYMENT PRACTICES ON THE BASIS OF SEX (FEMALE), AND RACE, (AFRICAN-AMERICAN) AND SEXUAL AND RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1966 AS AMENDED[1]**

Defendant Michael Chertoff, in his official capacity as Secretary, U.S. Department of Homeland Security, the Department of Homeland Security, and the Transportation Security Administration ("Defendant" or "TSA"), by and through the United States Attorney and the undersigned Assistant United States Attorneys, hereby answers Plaintiff's Amended Complaint as follows:

**Parties**

1.  Defendant admits that Plaintiff was once employed by the Department of Transportation and then the Department of Homeland Security, Transportation Security Administration (TSA), as a Transportation Security Specialist, SV-1801-J, in TSA's Office of

---

[1] Although Plaintiff includes race in the title of the complaint, she fails to specifically allege race in the complaint

Internal Affairs and Program Review. Effective June 30, 2002. Plaintiff was reassigned to the position of Criminal Investigator, SV-1811-J, in TSA's Office of Special Investigations, conditioned upon Plaintiff's successful completion of the Office of Personnel Management (OPM) background investigation. Defendant is without knowledge or information sufficient to form a belief as to the truth of matters asserted in the remaining allegations contained in Paragraph 1 of the Complaint.

    2.    Defendant admits that Plaintiff was removed from her Criminal Investigator position because she was found unsuitable for federal service and therefore unable to carry a Top Secret security clearance, which was a requirement for her Criminal Investigator position.

    3.    Paragraph 3 of the Complaint contains legal conclusion to which no response is required. If a response is required, Defendant admits that Plaintiff appealed her removal to the United States Merit Systems Protection Board (MSPB).

    4.    Paragraph 4 of the Complaint contains legal conclusion to which no response is required. If a response is required, Defendant admits that as an employee of TSA, Plaintiff was subject to the Aviation and Transportation Security Act (ATSA).

    5.    Paragraph 5 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

    6.    Paragraph 6 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

    7.    Admits.

    8.    Denies.

    9.    Denies.

10. Denies.

11. Denies.

12. Defendant admits that Michael Chertoff is the Secretary of the Department of Homeland Security and denies the remaining allegations as contained in Paragraph 12 of the Complaint.

13. Denies.

14. Denies.

## Jurisdiction

The allegations contained in Plaintiff's unnumbered paragraph state a legal conclusion to which no response is required and to the extent a response is required, Defendant denies. Further, to the extent that any of the allegations may be deemed factual, Defendant denies as the Court lacks subject matter jurisdiction because Plaintiff's claims in this case are inextricably intertwined with the Executive Branch's stewardship over national security. See Bennett v. Ridge, 368 U.S. App. D.C. 123 (October 18, 2005).

## Statement of Facts Common To All Counts

15. Denies.

16. Denies.

17. Defendant admits that on June 30, 2002, Plaintiff was reassigned to the position of Criminal Investigator, SV-1811-J, in TSA's Office of Special Investigations, conditioned upon Plaintiff's successful completion of the Office of Personnel Management (OPM) background investigation.

18. Denies.

19. Denies.

20. Admits.

21. Admits.

22. Admits.

23. Defendant admits that Plaintiff was removed from her Criminal Investigator position because she was found unsuitable for federal service and therefore unable to carry a Top Secret security clearance, which was a requirement for her Criminal Investigator position.

24. Admits.

25. Admits.

26. Admits.

27. Defendant admits that on April 13, 2007, the United States Equal Employment Opportunity Commission, Office of Federal Operations, concurred with the MSPB's final decision finding no discrimination, and that the case before the MSPB was a mixed case. Defendant denies that the Administrative Judge (AJ) did not allow any discrimination matters into the MSPB hearing.

## COUNT I

Defendants Have Engaged In An Unlawful Employment Practice In Violation of the Civil Right Act of 1966, As Amended, on the Basis of My Sex (female).

28. Paragraph 28 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

29. Paragraph 29 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

30. Paragraph 30 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

## COUNT II

Defendants Have Engaged In An Unlawful Employment Practice In Violation of the Civil Rights Act of 1966, As Amended, on the Basis of Plaintiff's sex (Sexual Harassment.

31. Paragraph 31 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

32. Paragraph 32 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

33. Paragraph 33 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

## COUNT III

Defendants Have Engaged In an Unlawful Employment Practice In Violation Of the Civil Rights Act of 1966, As Amended, On the Basis of Retaliation.

34. Paragraph 34 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

35. Paragraph 35 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

36. Paragraph 36 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

## COUNT IV

### Defamation

37.     Paragraph 37 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

38.     Paragraph 38 of the Complaint contains a legal conclusion to which no response is required, and to the extent a response is required, Defendant denies.

The paragraph following Paragraph 38 of the Complaint contains Plaintiff's wherefore clause, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any other relief from Defendant. Defendant hereby specifically denies all of the allegations of plaintiff's Complaint not herein before otherwise answered.

### JURY DEMAND

This paragraph contains Plaintiff's request for jury trial to which no answer is requested.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Court lacks subject matter jurisdiction because Plaintiff's claims in this case are inextricably intertwined with the Executive Branch's stewardship over national security. See Bennett v. Ridge, 368 U.S. App. D.C. 123 (October 18, 2005).

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

Third Affirmative Defense

Any adverse employment action(s) or decision(s) by Defendant relating to Plaintiff were

based upon legitimate, non-discriminatory reasons.  Defendant did not intentionally or otherwise unlawfully discriminate against Plaintiff.

### Fourth Affirmative Defense

Plaintiff cannot establish that employee(s) who were not African-American received more favorable treatment by TSA in circumstances nearly identical to Plaintiff's.

### Fifth Affirmative Defense

Plaintiff cannot establish that employee(s) who were not female received more favorable treatment by TSA in circumstances nearly identical to Plaintiff's.

### Sixth Affirmative Defense

Plaintiff cannot establish that employee(s) who had not engaged in prior protected EEO activity received more favorable treatment by TSA in circumstances nearly identical to Plaintiff's.

### Seventh Affirmative Defense

Plaintiff cannot establish a prima facie case of race discrimination.

### Eighth Affirmative Defense

Plaintiff cannot establish a prima facie case of sex discrimination.

### Ninth Affirmative Defense

Plaintiff cannot establish a prima facie case of sexual harassment discrimination.

### Tenth Affirmative Defense

Plaintiff cannot establish a prima facie case of retaliation discrimination.

### Eleventh Affirmative Defense

Plaintiff cannot show that TSA's proffered reason for terminating Plaintiff actually was a

pretext for discrimination.

### Twelfth Affirmative Defense

The Court lacks subject matter jurisdiction over the defamation count because defamation claims are specifically exempted under the FTCA, see 28 U.S.C. § 2680(h), and so, the federal government has not waived sovereign immunity against defamation claims.  As a result, Plaintiff cannot proceed against Defendant on such a claim.  Ingalsbe v. Chertoff, 2006 WL 908678 at *12 (N.D. Ga. 2006).

### Thirteenth Affirmative Defense

Defendant United States reserves the right to plead all other affirmative defenses or any applicable state and federal statute which through discovery it learns may be applicable.

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted its costs and other such relief as this Court deems appropriate.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Room E-4106
Washington, D.C. 20530

Of Counsel:
BRYAN A. BONNER
Senior Counsel, Administrative Litigation
Department of Homeland Security
Transportation Security Administration
Office of Chief Counsel