UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA CRUZ-PACKER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No: 1:07-cv-1235 (RWR) |
| ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| Department of Homeland Security ) | |
| ) | **JURY DEMAND** |
| Defendant ) | |

### PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW Plaintiff Linda Cruz-Packer, pro se, and respectfully moves this court to appoint counsel on her behalf in this matter, and as grounds thereof states the following:

1) That this matter involves issues pertaining to security clearance, due process, discrimination based on race, and sex, and complex procedural due process issues.

2) This matter involves the dismissal of the plaintiff from her employment on allegations that were false and fraudulent, and relates to the failure of the plaintiff to receive notice of allegations made against her that was in part the basis for her termination. This matter also involves issue of here say, where statements made by third parties who lack credibility, were relied upon and assumed to be correct that resulted in the alleged dismissal of the plaintiff from her employment with the Defendant.

3) The Plaintiff claims are meritorious. Defendant dismissed the plaintiff from her employment on the basis that she failed to disclose that she had been terminated


RECEIVED
MAY 1 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Motion for Appointment of Attorney
Submitted by Linda Cruz-Packer
May 16, 2008

from here employment in West Virginia Correctional facility. At the time of Plaintiff's termination, plaintiff was on leave in New York at the bed side of her terminal ill husband, who subsequently passed. Further, the alleged letter of termination was mailed to an address the plaintiff no longer resided at, and there was no evidence that the alleged notice of termination was actually receive by the plaintiff. Further, the plaintiff did indicate on her application that she had been terminated from her employment with the West Virginia Correctional facility. Defendant alleged that plaintiff failed to disclose her termination, when in fact the plaintiff did disclosed her alleged termination although the information was placed in another area on the Federal Declaration form instead of the SF-86.

4) The Defendant termination of the plaintiff was investigated exclusively by the Office of Internal Affairs of the Department of Home land Security and not the Office of Personnel Management, as is the normal practice in these matters. Through their action and the officials of TSA they conspired to seriously damage or destroy Cruz-Packer's good name.

TSA complied information and arrived at conclusions that were irrelevant, false, malicious and defamatory, incomplete, inaccurate, and untimely to the Plaintiff.

5) The dismissal from the Department of Corrections in the State of West Virginia were filled with major irregularities including but not limited to the following:

    a) Official personnel documents not being signed by the appropriate Government DOC officials;

Motion for Appointment of Attorney
Submitted by Linda Cruz-Packer
May 16, 2008

    b)    The government official who should have signed off on the Termination had no knowledge that the plaintiff had in fact been terminated;

    c)    Charges being made by inmates in the Department of Corrections were accepted as true without an official investigation being conducted by the proper authorities in the Department or a final report being generated Substantiating any of the allegations;

    d)    Mailing an alleged letter of termination to an address the plaintiff was not resided at during that time and said address contained no apartment number;

    e)    They process the termination of the plaintiff without the Office of Personnel Management having any involvement in the process which is the normal process of terminating personnel from the department;

    f)    Mailing the letter of termination to the former address of the plaintiff by regular mail and not certified mail when the plaintiff was on leave and was not in the state of West Virginia; etc.

6)    That the plaintiff does not possess the requisite legal skills to comprehend the Complexities of these issues, the various nuances that come to bear in this case, and the technical legal arguments. While the plaintiff has been able to respond to the issues raised by the defendant, it has been a difficult learning process, and has been extremely time consuming to the plaintiff. Plaintiff ability to respond to the matters presented by the defendant has been due largely in part to the plaintiff reviewing similar cases, legal arguments, and the minor but significant assistant received from time to time from attorneys who have guided the plaintiff to cases and

Motion for Appointment of Attorney
Submitted by Linda Cruz-Packer
May 16, 2008

other relevant legal issues in this matter.

7)    Plaintiff has requested the assistance of several attorneys, including but not limited to the following, Lawyers Committee For Civil Rights Under the Law, Attorney Cohen, Georgetown University Legal Clinic, Bread for City, DC Bar Advice and Referral Clinic, Bar Association of DC Lawyer Referral Services, EJC Workers Right Clinic, The Government Accountability Project, and EJC Attorney Consultation Program etc.

8)    Attorneys the plaintiff have consulted with have requested attorney fees that are impossible for the plaintiff to secure, in the event the attorneys would take the matter.  Some Attorneys have avoided the matter after discovering that the matter involves the Department of Homeland Security.

9)    Justice requires that the court appoint counsel for the plaintiff to allow the Plaintiff to exercise her due process rights and not be railroaded by the Department of Homeland Security under the guise of national security.  Further the equities favor the court appointing counsel to ensure the plaintiff has her day in court.  While the plaintiff may not be as articulate in fully informing the court of all of the legal and factual issues in this matter, the appointment of counsel will greatly assist the court in comprehending the relevant issues, expediting the process and thereby ensuring that the court's time will not be wasted on matters that can and should be resolved in an expeditious manner, and allowing this matter to be resolved in a timely manner.  Having counsel in this matter will allow the plaintiff's counsel and the defendant's counsel to articulate the plaintiff's case in the appropriate and legal manner, allow the defendant's counsel to discuss matters freely, and assist the court

Motion for Appointment of Attorney
Submitted by Linda Cruz-Packer
May 16, 2008

in comprehending the issues in this case fully as required by the interest of justice.

10)   The failure of the court to appoint plaintiff counsel could result in the untimely dismissal of the plaintiff's cases on procedural matters as opposes to matters based on the relevant facts in this case.

11) In case the court fails to appoint counsel, the Plaintiff will request to proceed under the discovery schedule of Complex Cases to ensure that the Plaintiff has time to comply with all the rules of the court.

WHEREFORE, the premises considered, the plaintiff respectfully request;

a)   that the court grant her motion;

b)   that the court grant such other and further relief as the court deems just and proper

## POINTS AND AUTHORITIES

1)   The Local Rules of the Court.

2)   The Rules of Civil Procedure.

3)   The equitable authority of the court.

4)   The interest of justice.

Respectfully submitted,

*Linda Cruz-Packer*
Linda Cruz-Packer, pro se

Motion for Appointment of Attorney
Submitted by Linda Cruz-Packer
May 16, 2008

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Motion for Appointment of Counsel, was mailed regular mail this 16th day of May, 2008.

_____
Linda Cruz-Packer

**Counsel for Defendant**
WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, NW. E-4106
Washington, DC 20530

Bryan Bonner
**Senior Counselor, Administrative Litigation**
Dept. of Homeland Security
TSA
West Tower, 2nd Fl. So.
601 S. 12th St. #TSA-6
Arlington, VA. 22202-4220