UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1235 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURSIDICTION**

Defendant Michael Chertoff, Secretary of the Department of Homeland Security, by and through undersigned counsel, hereby moves to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction. A Memorandum of Points and Authorities and proposed Order are included with this Motion.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530
202-514-7224

      OF COUNSEL:
Bryan A. Bonner, Esquire
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, TSA-2
12th Floor, E12-332N
Washington, DC 20590

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1235 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary of Homeland Security, | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

While Title VII of the Civil Rights Act of 1964 provides expansive rights for federal employees to bring employment discrimination and retaliation claims in federal court, those rights are subject to certain limitations. This case implicates one of those limitations – the right of the Executive Branch to exercise its discretion in making determinations regarding national security and who may have access to information affecting it.

Plaintiff Linda Cruz-Packer was indefinitely suspended and separated from the Transportation Security Administration (TSA), a subcomponent of the Department of Homeland Security (DHS).[1] TSA conditionally hired Plaintiff as a Criminal Investigator, SV-1811-J. In order to be permanently placed in that position, Plaintiff had to meet certain suitability requirements. For her position, she had to be successfully adjudicated for employment and eligible for access to national security information. TSA conducts suitability determinations of

---

[1] At the time of plaintiff's termination, TSA was a subcomponent of the Department of Transportation.

its employees pursuant to an Executive Order of the President that declares acceptable backgrounds are required to protect the national security of the United States. Because Plaintiff's claims in this case are inextricably intertwined with the Executive Branch's stewardship over national security, this Court is without subject matter jurisdiction to hear the claims.

## FACTUAL BACKGROUND

The Transportation Security Administration conditionally hired Plaintiff as a Transportation Security Specialist, SV-1801-J, in TSA's Office of Internal Affairs and Program Review. See Complaint, ¶ 1. Effective June 30, 2002, Plaintiff was reassigned to the position of Criminal Investigator, SV-1811-J, in TSA's Office of Special Investigations, conditioned upon Plaintiff's successful completion of the Office of Personnel Management (OPM) background investigation. Id. Plaintiff's permanent appointment to the Criminal Investigator position was contingent on her successfully being adjudicated for employment and eligible for a Top Secret security clearance. Bennett v. Chertoff, 368 425 F.3d 999, 1001 (D.C. Cir. 2005) (TSA requires its criminal investigators to obtain a Top Secret security clearance).

TSA's Credentialing and Program Office determined that Plaintiff was unsuitable for employment with TSA as a Criminal Investigator because she had been terminated by a prior employer for misconduct. See Complaint, ¶ 2. Additionally, Plaintiff was found unsuitable for employment, and therefore ineligible to carry a Top Secret security clearance because she failed to disclose her termination on her Standard Form 86, Questionnaire for National Security Positions. Id.

**ARGUMENT**

**I.    LEGAL STANDARD FOR A 12(b)(1) MOTION TO DISMISS**

The defense of subject-matter jurisdiction can never be waived or forfeited because it involves a court's power to hear a case. Harbury v. Hayden, 444 F. Supp. 2d 19 (D.C. Cir. 2006). TSA moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. 2d at 81; Vanover, 77 F. Supp. 2d at 98.

A court may resolve a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) in either of two ways. First, a court may base its decision solely on the complaint. Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Id.; Rann, 154 F. Supp. at 64.

## II. SECURITY CLEARANCE DETERMINATIONS ARE SENSITIVE AND INHERENTLY DISCRETIONARY EXERCISES NOT SUBJECT TO REVIEW

In this case, Ms. Cruz-Packer was hired as a Criminal Investigator, SV-1811-J, in an Excepted Appointment with TSA. Plaintiff's appointment to this position was contingent upon the successful adjudication of her suitability for employment and, therefore, eligibility for a Top Secret security clearance. In the course of assessing Plaintiff's eligibility for a Top Secret security clearance, TSA learned that she failed to disclose on her SF-86 Declaration of Federal Employment "Questionnaire for National Security Positions" that she was terminated from her position with her former employer for misconduct. See Complaint, ¶ 2. Accordingly, Plaintiff could not meet the suitability requirements for her position and could not obtain a Top Secret security clearance. See Complaint, ¶ ¶ 2, 23.

Plaintiff claims, however, that TSA's articulated reason for indefinitely suspending and removing her was a pretext and that its actual reason for doing so was to discriminate against her on the basis of gender, sexual harassment, and retaliation. See Complaint, ¶¶ 5-6. In other words, Plaintiff is claiming that TSA's stated reason for the termination – failure to meet the suitability conditions of her appointment, including a security clearance – is not the real reason. See Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir.1996) (citing and quoting Pignato v. American Trans Air, Inc., 14 F.3d 342, 349 (7th Cir.1994)). Therefore, by Plaintiff's own admission, litigation of this case necessarily would bring into question TSA's contention that Plaintiff is not suitable to hold a position for which a national security clearance is required.

TSA discharged Plaintiff from a position, the occupancy of which was subject to a requirement imposed in the interest of the national security of the United States. In the interest

4

of national security, TSA requires its Criminal Investigators to successfully be adjudicated for suitability for employment and eligibility for a Top Secret security clearance. The power to issue security clearances for access to national security information lies with the Executive Branch and is delegated to the agencies by the President through Executive Order. See, e.g., Executive Order 10450 (April 27, 1953); Executive Order 12968 (August 2, 1995). This power is a discretionary function of the Executive Branch and is not subject to judicial review. Accordingly, this Court is without subject-matter jurisdiction to hear this claim.

> A. **Discretionary Power Of The Executive Branch To Issue Security Clearances For Access To National Security Information Is Not Subject To Judicial Review**.

In October 2005, the U.S. Court of Appeals for the District of Columbia Circuit, in establishing controlling precedent on this issue, upheld the dismissal of a **nearly factually identical** case regarding the Executive Branch's stewardship over national security finding that the district court lacked subject matter jurisdiction because the discretionary function of the Executive Branch to issue security clearances is not subject to judicial review. Bennett v. Chertoff, 368 425 F.3d 999, 1001 (D.C. Cir. 2005). In the underlying case, TSA sought to dismiss Ms. Bennett's complaint on the ground that the litigation regarding her removal would bring into question issues concerning the grant or denial of a security clearance, which is a discretionary function entrusted to the Executive Branch and thus not subject to judicial review. Bennett v. Ridge, 321 F. Supp. 2d 49 (D.C. Cir. 2004).

Like the Plaintiff in this case, Ms. Bennett was also found unsuitable for the position of criminal investigator with TSA and ineligible for a Top Secret security clearance. Id. Ms. Bennett was ineligible for a Top Secret security clearance because of a discrepancy between her

answer to a question on the OPM OF-306, Declaration of Federal Employment, form and the actual circumstances surrounding her resignation from the Department of Defense. Id. Ms. Bennett argued that TSA's articulated reason for her termination was based on a negative suitability determination, not as a result of a national security investigation. Thus, she contended that the dispute was properly subject to judicial review. Id. This court found that it lacked subject matter jurisdiction to review the decision to terminate Ms. Bennett because it in part resulted from the denial of a security clearance. Id. Specifically, this court found that it was precluded from "exercising subject matter jurisdiction in the Title VII context when an agency's explanation about why an employee was subjected to an adverse employment action will inevitably require judicial review of the agency's decision to deny a security clearance." Bennett v. Ridge, 321 F. Supp. 2d at 73.

In **upholding** the district court's decision, the D.C. Circuit found that "[d]eterminations of eligibility for security clearances and determinations of suitability were not mutually exclusive. Because of [Ms. Bennett's] dishonesty, [she] was unsuitable for the position for the same reasons that she was ineligible for a security clearance. Although [Ms. Bennett, like the Plaintiff], claimed that the security clearance explanation was pretextual, the district court was not permitted to adjudicate the credibility of the claim because to do so required it to evaluate the validity of the employing agency's security determination." Bennett v. Chertoff, 368 425 F.3d 999, 1001 (D.C. Cir. 2005).

Like Ms. Bennett, Plaintiff's unsuitability determination is not mutually exclusive of TSA's determination regarding her eligibility for a security clearance. Due to her dishonesty regarding the completion of her Standard Form 86, Questionnaire for National Security

Positions, she was unsuitable for the Criminal Investigator position for the same reasons she was ineligible for a Top Secret security clearance. The two are inextricably and symbiotically linked together. Plaintiff's argument regarding pretext is of no moment because, as the D.C. Circuit found regarding Ms. Bennett, this court is not allowed to adjudicate the credibility of an employee's pretext claims, under these circumstances, because to do so would require the court to evaluate the validity of TSA's security determinations. See Id.

As with Ms. Bennett, TSA terminated Plaintiff because she was ineligible for a security clearance, and as such this court is precluded from exercising subject-matter jurisdiction because to do so would inevitably require a judicial review of TSA's decision to deny Plaintiff's security clearance. Therefore, for the same reasoning in Bennett, this Court is again precluded from exercising subject-matter jurisdiction in this case because to do so would require a judicial review of TSA's security clearance determination.

### B. This Circuit Has Previously Dismissed Title VII Claims Where Litigation Would Bring Into Question Issues Concerning The Grant Or Denial Of A Security Clearance.

The decision in Bennett was predicated on this Circuit's previous dismissal of Title VII claims where the litigation would bring into question issues concerning the grant or denial of a security clearance. In Ryan v. Reno, 168 F.3d 520 (D.C. Cir. 1999), the Immigration and Naturalization Service announced openings for immigration inspector positions. The position was a "sensitive" one requiring a background investigation and security clearance. Id. at 522. Appellants applied for the openings and conditionally were hired, "pending satisfactory completion of security requirements." Id. The appointment offers were withdrawn after the FBI determined that, because appellants had lived in Ireland for an extended period of time, it could

not conduct an adequate background investigation.  Id.  The individuals filed suit in federal court, and the district court dismissed the case for lack of jurisdiction because assessing the claims would require review of the decision not to grant security clearances.  Id. at 523.

The D.C. Circuit determined that Department of Navy v. Egan, 484 U.S. 519 (1988), controlled the disposition of the matter.  Ryan v. Reno, 168 F.3d 520 (D.C. Cir. 1999).  In Egan, the Supreme Court held that the Merit Systems Protection Board did not have the authority to review a decision regarding the grant or denial of a security clearance.  Egan, 484 U.S. at 526-30.  Specifically, "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it."  Id. at 529 (citing CIA v. Sims, 471 U.S. 159, 170 (1985)).  Turning to the Title VII claims brought by plaintiffs in Ryan, the D.C. Circuit held:

> In a case such as this, however, a court cannot clear the second step of McDonnell Douglas [v. Green, 411 U.S. 792 (1973))] without running smack up against Egan.  The nondiscriminatory reason proffered below for withdrawing the employment offers was that the applicants' long residence abroad prevented DOJ from conducting an adequate security clearance background investigation.  The appellants could not challenge the proffered reason's authenticity without also challenging its validity.

Id. at 524 (emphasis added).  In sum, since consideration of the appellants' claims would have required review of the decision not to grant security clearances, "the court was foreclosed from proceeding at all."  Id.  The D.C. Circuit further stated that "[o]ur decision is fortified by Title VII's express language exempting employment actions based on security clearance possession vel non."  Id. at 524 n.3 (citing 42 U.S.C. § 2000e-2(g);2 Becerra v. Dalton, 94 F.3d 145, 149

---

2 42 U.S.C. § 2000e-2(g), provides, in relevant part:

> Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to fail or refuse to hire and employ any individual for any position, for an employer to discharge any

8

(4th Cir. 1996)).  The same result should obtain here, where TSA's articulated basis for Plaintiff's removal was that she was unsuitable for employment and ineligible for access to national security information because Plaintiff could not sustain a Top Secret security clearance. See Complaint, ¶¶ 2, 23.

Other "circuits have held that Egan applies in a Title VII action to preclude a 'nonexpert body' – whether administrative or judicial – from resolving a discrimination claim based on an adverse employment action resulting from an agency security clearance decision." Ryan, 168 F.3d at 523; see Becerra v. Dalton, 94 F.3d at 148-49; Perez v. Federal Bureau of Investigation, 71 F.3d 513 (5th Cir. 1995).

In Becerra, appellant brought a claim under Title VII, claiming that the instigation of a security check that led to the revocation of his security clearance and the loss of his job constituted impermissible retaliation for filing EEO complaints.  Id. at 146-48.  The Fourth Circuit affirmed the district court's decision that it lacked jurisdiction to review the merits of the decision to investigate plaintiff or the ultimate security clearance decision.  Id. at 148-49.  The appellant attempted to distinguish his case from Egan and its progeny be claiming that he was not seeking to challenge the security clearance decision per se; rather, he only was challenging

---

individual from any position, or for an employment agency to fail or refuse to refer any individual for employment in any position, or for a labor organization to fail or refuse to refer any individual for employment in any position, if –

(1) the occupancy of such position, or access to the premises in or upon which any part of the duties of such position is performed or is to be performed, is subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any statute of the United States or any Executive order of the President; and

(2) such individual has not fulfilled or has ceased to fulfill that requirement.

9

the agency's decision to initiate a security clearance check. The Court concluded that "the distinction between the initiation of a security investigation and the denial of a security clearance is a distinction without a difference . . . . the court would be required to review the very issues that the Supreme Court has held are nonreviewable." Id. at 149; see also Brazil v. Department of the Navy, 66 F.3d 193, 195-96 (9th Cir. 1995) (district court lacked jurisdiction over Title VII claim arising out of revocation of civilian employee's nuclear weapons personnel reliability program certification, which was the equivalent of a security clearance).

In Perez, appellant alleged that the FBI retaliated against him for EEO activity by revoking his Top Secret security clearance and firing him. Id. at 514. The FBI offered as legitimate, non-discriminatory reasons for his termination that appellant (1) fabricated official reports, and (2) disclosed classified information to unauthorized representatives of the Cuban government. Id. The Court went on to note that in the normal instance, "that would put the ball in [appellant's] court to show pretext." Id. But in the specific circumstances at bar, the Court held:

> Because the court would have to examine the legitimacy and the possibly pretextual nature of the FBI's proffered reasons for revoking the employee's security clearance, any Title VII challenge to the revocation would of necessity require some judicial scrutiny of the merits of the revocation decision. As the Supreme Court and several circuit courts have held that such judicial scrutiny is an impermissible intrusion by the Judicial Branch into the authority of the Executive Branch over matters of national security, neither we nor the district court have jurisdiction to consider those matters.

Id. at 514-15 (internal citations omitted). The opinion went on to note:

> We also understand the concerns of federal agents, whose employment is conditioned on security clearances, that the lack of judicial review creates the potential for abuse by the agencies and bureaus employing them. This result, however, is required by the fact that security clearance determinations are "sensitive and inherently discretionary" exercises, entrusted by law to the

     Executive.

Id. at 514 n.6 (quoting Egan, 484 U.S. at 527-29).

     To allow claims like Plaintiff's would require the fact-finder to second-guess the Executive Branch's analysis and conclusions involving whom to trust with national security information. Ultimately, to do so would violate separation of powers principles by enmeshing courts in an area within the sole province of the Executive Branch. Courts consistently have acknowledged the Executive's broad discretion and greater experience with national security matters. See, e.g., Central Intelligence Agency v. Sims, 471 U.S. 159 (1985); Halperin v. Central Intelligence Agency, 629 F.2d 144 (D.C. Cir. 1980). As the Supreme Court expressed in Egan:

> concerns of national security, as in this case, where the grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch.

484 U.S. at 527. "Without clear congressional authorization, courts traditionally have demonstrated a reluctance to encroach on Executive prerogative in the area of military and national security affairs." National Federation of Federal Employees v. Greenberg, 983 F.2d 286, 296-97 (D.C. Cir. 1993) (concurring opinion) (citing Chappell v. Wallace, 462 U.S. 296 (1983)); Schlesinger v. Councilman, 420 U.S. 738, 757-58 (1975); Gilligan v. Morgan, 413 U.S. 1, 10 (1973); Burns v. Wilson, 346 U.S. 137, 142 (1953); Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953)); Haig v. Agee, 453 U.S. 280, 305 (1981) (it is "obvious and unarguable" that no governmental interest is more compelling than the security of the Nation.) (quoting Baker v. Carr, 369 U.S. 186, 217 (1962)).

## CONCLUSION

For these reasons, Defendant respectfully submits that the Complaint be dismissed, with prejudice.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530
202-514-7224

OF COUNSEL:
Bryan A. Bonner, Esquire
Office of Chief Counsel
Transportation Security Administration
601 South 12th Street, TSA-2
12th Floor, E12-332N
Washington, DC 20590

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th of May, 2008 that a copy of the foregoing was served by First Class, prepaid postage, U.S.P.S. mail to:

Linda Cruz-Packer
4800 Megan Drive
Clinton, Maryland 20735

_____
Wyneva Johnson
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530
(202) 514-7224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>MICHAEL CHERTOFF, )<br>Secretary of Homeland Security, )<br>Department of Homeland Security, )<br>)<br>      Defendant. )<br>) | Civil Action No. 07-1235 (RWR) |

ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss for lack of subject matter jurisdiction, any Opposition thereto and for good cause shown, it this _____ day of _____, 2008.

ORDERED that Defendant's motion should be and hereby is granted; and it is

FURTHER ORDERED that Plaintiff's complaint be and hereby is dismissed.

_____                                         _____
Date                                                  United States District Judge

Copies to:

Defendant's Attorney                                  Pro Se Plaintiff

WYNEVA JOHNSON                                        Linda Cruz-Packer
Assistant United States Attorney                      4800 Megan Drive
555 Fourth Street, N.W., E-4106                       Clinton, Maryland 20735
Washington, DC 20530