UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1235 (RWR) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S LOCAL CIV. R. 16.3 STATEMENT**

On May 22, 2008, Plaintiff, Ms. Linda Cruz Packer, and Wyneva Johnson, Esq., attorney for defendant, made attempts to confer regarding the present case in accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a); however, the parties were not able to prepare a joint statement. Therefore, this Report and Proposed Order is submitted on behalf of Defendant.

This case involves plaintiff Linda Cruz-Packer's indefinite suspension and separation from the Transportation Security Administration (TSA), a sub-component of the Department of Homeland Security (DHS). TSA conditionally hired Plaintiff as a Criminal Investigator, SV-1811-J. In order to be permanently placed in that position, Plaintiff had to meet certain suitability requirements. For her position, she had to be successfully adjudicated for employment and eligible for access to national security information. TSA conducts suitability determinations of its employees pursuant to an Executive Order of the President that declares acceptable backgrounds are required to protect the national security of the United States. Because Plaintiff's claims in this case are inextricably intertwined with the Executive Branch's stewardship over national security, this Court is without subject matter jurisdiction to hear the claims.

1. Defendant filed a motion to dismiss on May 19, 2008. Defendant proposes that discovery be stayed until the decision on its dispositive motion.

2. Defendant respectfully request that all further proceedings be stayed pending the Court's decision on the pending dispositive motion.

3. Defendant does not anticipate joining any parties.

4. Defendant does not agree to the assignment of this case to a Magistrate Judge except for settlement discussions.

5. Defendant cannot determine the possibility of settlement at this time.

6. Defendant believes that it would be premature to send the case to alternative dispute resolution at this time.

7. Defendant believes that plaintiff's claims can be resolved by a dispositive motion.

8. Defendant is willing to stipulate that initial disclosures will be waived.

9. Defendant proposes that discovery be permitted only if the Court denies Defendant's pending dispositive motion. In that event, discovery should open on the next business day after the Court's decision and close 120 days, thereafter with the presumptive limits of the federal rules of civil procedure imposed upon the number of depositions and interrogatories.

10. Defendant proposes that plaintiff's Rule 26(a)(2) report(s) be served 60 days before the close of discovery with defendant's report(s) be served 30 days thereafter. All expert depositions should be taken within the discovery period.

11. The provision for class actions is inapplicable in this case.

12. Defendant submits that there is no need for bifurcation.

13. Defendant submits that the Court should not set the date for the pretrial conference at

this time.

      14. Defendant submits that the Court should not schedule a firm trial date at the initial scheduling conference.

                              Respectfully submitted,

                              _____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              _____
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney

                              _____
                              WYNEVA JOHNSON, D.C. Bar #278515
                              Assistant United States Attorney
                              555 4th Street, N.W., E-4106
                              Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1235 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

**SCHEDULING ORDER**

UPON CONSIDERATION OF the parties' Joint Local Civ. R. 16.3 statement, the Court enters the following scheduling order:

1. Discovery be stayed pending the Court's decision on the pending dispositive motion.

2. If Defendant's Dispositive motion is denied, discovery should open on the next business day after the Court's decision and close120 days, thereafter with the presumptive limits of the federal rules of civil procedure imposed upon the number of depositions and interrogatories.

3. Plaintiff's Rule 26(a)(2) report(s) be served 60 days before the close of discovery with defendant's report(s) be served 30 days thereafter.

SO ORDERED THIS _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

cc:
Attorney for Defendant            Plaintiff, pro se
WYNEVA JOHNSON                    LINDA CRUZ-PACKER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., E-4106
Washington, D.C. 20530