UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1235 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary of Homeland Security, | ) |
| Defendant. | ) |

### JOINT LOCAL CIV. R. 16.3 STATEMENT

On May 22, 2008, Plaintiff, Ms. Linda Cruz-Packer, and Wyneva Johnson, Esq., attorney for defendant, conferred regarding the present case in accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a).

Therefore, this Report and Proposed Order is submitted jointly on behalf of Plaintiff and federal defendant ("the parties").

The following topics were discussed and agreements reached:

Defendant's Statement of the Case:

This case involves plaintiff Linda Cruz-Packer's indefinite suspension and separation from the Transportation Security Administration (TSA), a sub-component of the Department of Homeland Security (DHS). TSA conditionally hired Plaintiff as a Criminal Investigator, SV-1811-J. In order to be permanently placed in that position, Plaintiff had to meet certain suitability requirements. For her position, she had to be successfully adjudicated for employment and eligible for access to national security information. TSA conducts suitability determinations of its employees pursuant to an Executive Order of the President that declares

acceptable backgrounds are required to protect the national security of the United States. Because Plaintiff's claims in this case are inextricably intertwined with the Executive Branch's stewardship over national security, this Court is without subject matter jurisdiction to hear the claims.

Plaintiff's Statement of the Case:

This case involves the hiring of the plaintiff by TSA in the capacity as a criminal Investigator. That the plaintiff performed her duties and responsibilities in the capacity as a criminal investigator for approximately two (2 1/2) years; TSA initiated a security clearance of the plaintiff. Plaintiff was not hired with there being a stipulation/condition that specifically indicated that Plaintiff position was predicated upon a successful completion of the Office of Personnel Management (OPM) background investigation. TSA and its agents conducted all aspects of the security clearance when it came to issues/discrepancies, as opposed to the Office of Personnel Management, which is the official agency charged with conducting the investigation. Further, during their investigation of the plaintiff, the Defendant TSA relied on information and inmates from the Department of Corrections in the State of West Virginia that were not credible in reaching its conclusions. More importantly, not one document supporting the alleged allegations was produced or any final report provided substantiating any of the allegations. Further, the defendant alleged that the plaintiff failed to disclose on her application that she had been terminated from the position with the West Virginia Department of Correction. While the plaintiff did disclosed the information, said information may have been placed in the inappropriate placed on the application. Therefore the plaintiff did disclose, and did not attempt to hide the fact that the West Virginia Department of Correction had made the allegation that she

had been terminated, while continuing to fight the charges and demonstrate that the alleged termination process was seriously flawed.

The plaintiff alleged that she was discriminated by the defendants in this matter, and that this matter raises the issues of separation and not one of national security. Originally, when the case was heard in the MSPB forum the issues related to suitability not National Security. Further, the defendant accused Appellant of failing to fully disclose information regarding her employment history on the SF-86 form, in that she did not list such termination in response to Question# 22 on the form. Id. This also is not a National Security matter. Lastly, at no time did TSA show that plaintiff deliberately or intentionally falsified an official document. Plaintiff further alleged that this court has jurisdiction of this matter

2. Defendant recommends management of this case as set forth herein. Defendant believes that this case can be decided by dispositive motion. Defendant filed a motion to dismiss on May 19, 2008. Defendant respectfully requests that all further proceedings be stayed pending the Court's decision on that motion.

Plaintiff does not agree with the defendant proposition that this matter can be disposed of by dispositive motions, and had just received the defendant's motion on May 22nd, 2008. Due to the complexity of this matter, the plaintiff concurs with the defendant that this matter be stayed pending the appointment of counsel for the plaintiff on the grounds previously stated in her motion for appointment of counsel.

3. Defendant does not anticipate joining any parties.

Plaintiff is not certain of whether she will request that any additional parties be joined

3

prior to the appointment of counsel in this matter or during the discovery period.

4. Defendant does not agree to the assignment of this case to a Magistrate Judge except for settlement discussions.

Plaintiff concurs with the defendant's statement.

5. Defendant cannot determine the possibility of settlement at this time.

Plaintiff is willing to resolve this matter by way of a reasonable offer from the defendant and is of the opinion that this matter can be resolved through settlement discussions, particularly if she was represented by counsel. Plaintiff is of the opinion that the appointment of counsel will clearly expedite these proceedings, and bring them to timely resolution in this case.

6. Defendant believes that it would be premature to send the case to alternative dispute resolution at this time.

Plaintiff concur with the defendants' position at this time

7. Defendant believes that plaintiff's claims can be resolved by a dispositive motion.

Plaintiff does not believe that this matter can be disposed of by dispositive motions due to the complexity of the issues involved in this case,

8. The parties agree that the deadline for dispositive motions should be 45 days after the close of discovery, or by July, 2008, with oppositions due 21 days after service of the dispositive motion and reply briefs due 11 days after service of opposition.

Plaintiff concurs with the position of the defendant.

9. The parties agree to stipulate that initial disclosures will be waived.

Plaintiff is presently unable to agree or disagree with the defendant's statement.

10. The parties agree that discovery should close 120 days after the date of the scheduling conference, or on May 29th, or other determine date in 2008, with the presumptive limits of the local rules imposed upon the number of depositions and interrogatories.

Plaintiff concurs with the defendant's statement.

11. The parties agree that plaintiff's Rule 26(a)(2) report be served 60 days before the close of discovery with defendant's report to be served 30 days thereafter. All expert depositions will be taken within the discovery period.

Plaintiff concurs with the defendants' statement.

12. The provision for class actions is inapplicable in this case.

Plaintiff is presently unable to either agree or disagree with the defendant's statement

13. The parties agree that there is no need for bifurcation.

Plaintiff is presently unable to agree or disagree with the defendant's statement.

14. The parties agree that the Court should not set the date for the pretrial conference at this time.

Plaintiff is presently unable to agree or disagree.

15. The parties agree that the Court should not schedule a firm trial date at the scheduling conference.

    Plaintiff is in agreement with the defendant's position.

Respectfully submitted,

_Linda Cruz-Packer_
LINDA CRUZ-PACKER, Pro se

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA CRUZ-PACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1235 (RWR) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

**SCHEDULING ORDER**

UPON CONSIDERATION OF the parties' Joint Local Civ. R. 16.3 statement, the Court enters the following scheduling order:

1. Discovery will close on _____.

2. Plaintiff's 26(a)(2) report will be due on _____. Defendant's 26(a)(2) report will be due _____.

3. Dispositive motions must be filed by _____. Oppositions are due _____ and reply briefs are due _____.

SO ORDERED THIS _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

cc:
Attorney for Defendant
WYNEVA JOHNSON
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., E-4106
Washington, D.C. 20530

Plaintiff, pro se
LINDA CRUZ-PACKER