## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA CRUZ-PACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1235 (RWR) |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION

Pro se plaintiff Linda Cruz-Packer filed a complaint alleging that her federal employer, the Transportation Security Administration ("TSA"), terminated her employment in violation of Title VII of the Civil Rights Act of 1964 and defamed her. TSA has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of jurisdiction. Because Cruz-Packer has not demonstrated that this court has jurisdiction over her claims, the motion to dismiss will be granted.[1]

---

[1] Cruz-Packer has also moved under Local Civil Rule 83.11(b)(3) for appointment of counsel to assist her with this civil claim. A plaintiff in a civil case typically does not have a right to counsel. See Willis v. FBI, 274 F.3d 531, 532 (D.C. Cir. 2001). "Appointment of counsel calls for exceptional circumstances and 'is wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits.'" Kidd v. Howard Univ. School of Law, Civil Action No. 06-1853 (RBW), 2007 WL 1821159, at *2 (D.D.C. June 25, 2007)(quoting Nichols v. Mosbacher, 959 F.2d 1101 (D.C. Cir. 1992). Because Cruz-Packer has not shown that the nature or complexity of her case, the potential merit of her claim, or the interests of justice warrant appointment of counsel, her motion for appointment of counsel will be denied.

-2-

<u>BACKGROUND</u>

TSA hired Cruz-Packer in June 2002 as a Transportation Security Specialist.[2]  (Am. Compl. ¶¶ 1-2, 14.)  Shortly after she was hired, Cruz-Packer was assigned to a criminal investigator position.  (<u>Id.</u> at ¶¶ 2, 17.)  TSA alleges that her position required her to have a Top Secret security clearance enabling her to have access to national security information, something Cruz-Packer says she had not been told.  (<u>See</u> Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1-2; <u>id.</u>, Ex. 1 at ¶ 2; Pl.'s Mem. of Points and Authorities Denying Def.'s Mot. to Dismiss ("Pl.'s Mem.") at 8-9.)  In March 2003, Cruz-Packer completed at TSA's request an "SF-86" security questionnaire which started her background investigation.  (Am. Compl. at ¶¶ 16, 18.)  The background investigation revealed that a prior employer had terminated Cruz-Packer for misconduct, a fact she had failed to disclose on her SF-86 form.  (Def.'s Mem., Ex. 1 at ¶ 2.)  TSA claims that her lack of candor prevented her from receiving the required security clearance.  (<u>Id.</u>)  TSA initially suspended Cruz-Packer and then fired her for unsuitability on November 18, 2004.  (Am. Compl. at ¶¶ 22-23.)

---

[2] TSA is now a component of the Department of Homeland Security.  At the time Cruz-Packer was terminated, TSA was a component of the Department of Transportation.  (<u>See</u> Def.'s Mem. in Support of Mot. to Dismiss at 1.)

-3-

Cruz-Packer alleges in her amended complaint that her termination constituted discrimination on the basis of sex, sexual harassment, and retaliation (Counts I-III), and that TSA defamed her by posting at the front entranceway of the building in which she worked a notice stating that she was not allowed to enter the building (Count IV).[3]  (Am. Compl. at ¶¶ 28-38; Pl.'s Mem. at 1-2.)  TSA maintains in a declaration signed by a TSA official that the reason Cruz-Packer was terminated was that she could not obtain a security clearance.  (Def.'s Mem., Ex. 1 at ¶ 2.)  It has moved under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of jurisdiction, arguing that the decision to deny security clearances is not subject to judicial review.  (Def.'s Mem. at 1-2.)  Cruz-Packer opposes the motion, arguing that the defendant's stated grounds for her termination are a pretext because the defendant did not indicate to her in writing that maintaining a security clearance was a necessary condition of Cruz-Packer's employment, and because other criminal investigators with negative events in their backgrounds were not dismissed or denied security clearances.  (Pl.'s Mem. at 3-8.)

---

[3] Defamation claims are specifically exempted under the Federal Tort Claims Act, 28 U.S.C. § 2680(h), from the torts for which the government may be sued.  The federal government has not waived sovereign immunity from defamation claims, and Cruz-Packer cannot proceed against the TSA on Count IV.  See Council on Am. Islamic Rels. v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006); Banks v. Lappin, 539 F. Supp. 2d 228, 240-41 (D.D.C. 2008).

-4-

DISCUSSION

"On a motion to dismiss for lack of subject-matter
jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the
burden of establishing that the court has subject-matter
jurisdiction."  Shuler v. United States, 448 F. Supp. 2d 13, 17
(D.D.C. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S.
555, 561 (1992)).  While factual allegations contained in the
complaint must be accepted as true when reviewing a motion to
dismiss under Rule 12(b)(1), Leatherman v. Tarrant County
Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164
(1993), a court may consider material outside of the pleadings
when determining whether a plaintiff has established jurisdiction
to hear the case.  See Venetian Casino Resort v. EEOC, 409 F.3d
359, 366 (D.C. Cir. 2005) (citing EEOC v. St. Francis Xavier
Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997)).

"Title VII prohibits the federal government from
discriminating in employment on grounds of race or sex, 42 U.S.C.
§ 2000e-16, and from retaliating against employees for engaging
in activity protected by Title VII."  Montgomery v. Chao, 546
F.3d 703, 706 (D.C. Cir. 2008).  Proof in a circumstantial Title
VII case such as this one often unfolds following familiar steps.
Where a plaintiff presents prima facie evidence of discrimination
or retaliation and the defendant responds with a legitimate,
nondiscriminatory reason for its actions, the sole remaining

-5-

issue is whether the adverse employment decision was made for a
discriminatory or retaliatory reason.  Id. at 706 (citing Reeves
v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000), and
Brady v. Office of Sergeant at Arms, 520 F.3d 490, 493-94 (D.C.
Cir. 2008)).

TSA argues that this court lacks subject matter jurisdiction
to entertain Cruz-Packer's Title VII claims because the
litigation would necessarily question the reason for the decision
to deny the security clearance, which is prohibited by 42 U.S.C.
§ 2000e-2(g).  Section 2000e-2(g) provides, in relevant part,
that it is not unlawful to terminate an employee if

> the occupancy of such position . . . is subject to any
> requirement imposed in the interest of the national
> security of the United States under any security
> program in effect pursuant to or administered under any
> statute of the United States or any Executive order of
> the President . . . [and] such individual has not
> fulfilled or has ceased to fulfill that requirement.

Courts have found jurisdiction lacking in cases implicating
security clearance determinations.  The Supreme Court held that
the Merit Systems Protection Board, the administrative body
empowered to adjudicate challenges to federal personnel actions,
could not "review the substance of an underlying decision [by an
agency] to deny or revoke a security clearance in the course of
reviewing an adverse [employment] action."  Dept. of Navy v.
Egan, 484 U.S. 518, 520 (1988).  The D.C. Circuit later found
that Egan's reasoning also applied "in a Title VII action to

preclude a 'nonexpert body' -- whether administrative or judicial -- from resolving a discrimination claim based on an adverse employment action resulting from an agency security clearance decision." <u>Ryan v. Reno</u>, 168 F.3d 520, 523 (D.C. Cir. 1999). The court stated that proof in that Title VII case could not follow the usual steps

> without running smack up against <u>Egan</u>.  The nondiscriminatory reason proffered below for withdrawing the employment offers was that the applicants' long residence abroad prevented DOJ from conducting an adequate security clearance background investigation.  The appellants could not challenge the proffered reason's authenticity without also challenging its validity.

<u>Id</u>. at 524.  Therefore, "because the district court . . . could not proceed with the appellants' discrimination action without reviewing the merits of DOJ's decision not to grant a clearance, the court was foreclosed from proceeding at all."  <u>Id.</u>

More recently, in a case that is factually similar to this case, the court of appeals upheld the district court's decision dismissing a complaint for lack of jurisdiction based upon § 2000e-2(g).  In <u>Bennett v. Chertoff</u>, 425 F.3d 999 (D.C. Cir. 2005), the plaintiff was employed as a criminal investigator with the TSA.  During its investigation into Bennett's background, the TSA determined that she lied on her Declaration for Federal Employment.  The TSA informed Bennett that her employment was being terminated "based on her unsuitability for the position," and in its official notification, the TSA stated that it was

terminating Bennett because of a "negative suitability determination." Id. at 1000-01. Bennett filed a complaint alleging that TSA's stated reason for terminating her was a pretext and that the real reasons were discrimination and retaliation against her for filing an administrative complaint. As happened with Cruz-Packer, TSA provided a sworn statement from a TSA official stating that the plaintiff's termination was "due to her inability to sustain a security clearance." Id. at 1001, 1003 (internal quotation and citation omitted).

Cruz-Packer argues, as did Bennett, that the district court has jurisdiction to hear these claims because the TSA termination was for a "negative suitability determination," not for a denied security clearance. (Pl.'s Mem. at 29, 32-34.) However, Bennett determined that "lack of 'suitability' in ordinary language can encompass lack of suitability because of ineligibility for a security clearance[.]" Id. at 1002. That meant that the letter that Bennett received informing her that she was terminated for a negative suitability determination was "not inconsistent with termination on the basis that Bennett could not sustain a security clearance." Id. at 1002-03. Cruz-Packer also argues, as did Bennett, that the TSA's security clearance explanation was pretextual, but Bennett determined that courts could not "adjudicate the credibility of that claim" because such an adjudication would "require the trier of fact to evaluate the

-8-

validity of the agency's security determination." Id. at 1004.

While Cruz-Packer argues the merits of the decision not to grant

her a security clearance and claims that the decision was a

pretext, she acknowledges that the judicial branch lacks the

power to review decisions by the executive branch about whether

to grant security clearances.[4]  (See Pl.'s Mem. at 33-34.)  Cruz-

Packer has not established subject matter jurisdiction over her

claims of discrimination.

                        CONCLUSION

     Because this court lacks jurisdiction over claims

implicating the merits of a decision to deny a security

clearance, and over defamation claims against the federal

government, TSA's motion to dismiss will be granted.  A final

Order accompanies this Memorandum Opinion.

     SIGNED this 6th  day of May, 2009.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge


---

     [4] Bennett notes that Executive Order 12,968, § 5.2(a), 60
Fed. Reg. at 40,252, provides procedural protections, including
the right of appeal within the agency, to individuals who are
denied security clearances.  425 F.3d at 1002, 1004.